# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv406

| | |
|---|---|
| GENERAL HOSPITAL SUPPLY CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **CONSENT** |
| ) | **JUDGMENT** |
| VELMED, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on the joint Motion to Enter Consent Judgment (#38). Having carefully considered such motion as well as the pleadings underlying such motion, the court enters the following Consent Judgement:

## CONSENT JUDGMENT

By consent of the parties, the Court hereby enters judgment ("Consent Judgment") in favor of Defendant/Counter Claim Plaintiff, Velmed, Inc. ("Velmed"), against Plaintiff/Counter Claim Defendant General Hospital Supply Corporation ("General Hospital") as set forth herein. In support of the Consent Judgment, and by consent of the parties, the Court makes the following findings of fact and conclusions of law:

## STIPULATED FINDINGS OF FACT

1. General Hospital is a corporation organized under the laws of the State of North Carolina having a principal place of business at 2844 Gray Fox Road, Monroe, North Carolina 28110.

2. Velmed is a corporation organized under the laws of the Commonwealth of Pennsylvania having a principal place of business at 23 D Dewey Lane, Gibsonia, Pennsylvania 15044.

3. On August 26, 2010, General Hospital initiated the above-captioned proceeding against Velmed. [Doc 1].

4. The Complaint alleges that Velmed has infringed United States Patent No. 7,780,136 ("the '136 Patent") which is owned by General Hospital.

5. Specifically, the Complaint alleges that Velmed's 6100 and 7100 STOPPER® brand foot and corner protectors are infringing.

6. On November 22, 2010, Velmed filed an Amended Answer to the Complaint and asserted Counter Claims against General Hospital seeking a declaration of noninfringement, invalidity, and unenforceablity. [Doc. 14].

7. On April 20, 2011, Velmed filed a request with the United States Patent and Trademark Office seeking an ex parte reexamination of the '136 Patent. [Doc. 30].

8. On June 10, 2011, this Court issued a Stay of the litigation during the pendency of the reexamination. [Doc. 31].

9. On February 21, 2012, the United States Patent and Trademark Office issued a reexamination certificate in connection with the reexamination of the '136 Patent. A copy of the reexamination certificate is attached hereto as Exhibit 1.

10. As a result of reexamination, all of the claims of the '136 Patent were cancelled.

Based on the foregoing Stipulated Findings of Fact, and by consent of the parties, the Court makes the following:

## CONCLUSIONS OF LAW

11. The Court has personal jurisdiction over the parties in this case, and venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b).

12. The Court has original subject matter jurisdiction over the claims at issue in this case pursuant to Title 35 U.S.C. and 28 U.S.C. §1331, §1338.

13. The Court further has authority to issue declaratory relief pursuant to 28 U.S.C. §2201 and §2202.

14. Invalidity of a United States Patent must be proven by clear and convincing evidence.

15. The reexamination certificate issued by the United States Patent and Trademark Office establishes, by clear and convincing evidence, that the '136 Patent is invalid.

## ORDER

**IT IS, HEREBY, ORDERED, ADJUDGED and DECREED** that at the Joint Motion for Entry of Consent Judgment is **GRANTED**, and in light of the following consent judgment, Velmed's pending Motion for Summary Judgment (#37) is **DENIED** as moot.

## CONSENT JUDGMENT

**IT IS FURTHER ORDERED, DECREED, and ADJUDGED** as follows:

1. Velmed is hereby awarded judgment in its favor on its invalidity counterclaim: the '136 Patent is invalid.

2. As a result of this Court's finding that the '136 Patent is invalid, Velmed's non-infringement counterclaim/defense is rendered moot and hereby dismissed with prejudice.

3. As a result of this Court's finding that the '136 Patent is invalid, Velmed's inequitable conduct counterclaim/defense is rendered moot and hereby dismissed with prejudice.

4. As a result of this Court's finding that the '136 Patent is invalid, General Hospital's infringement claim is rendered moot and hereby dismissed with prejudice.

5. Velmed, Inc. is awarded costs in the amount of $1,925.15.

6. Each party shall bear its own attorneys' fees.

7. This action is **TERMINATED,** however, the Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Consent Judgment.

Signed: March 26, 2012

*[Signature]*
Max O. Cogburn Jr.
United States District Judge

We consent:

| Counsel for Plaintiff | Counsel for Defendant |
|---|---|
| s/John G. Stretton<br>John G. Stretton<br>(admitted pro hac vice) | s/Matthew J. Ladenheim<br>Matthew J. Ladenheim<br>(N.C. State Bar No. 29309) |
| EDWARDS WILDMAN PALMER, LLP<br>One Canterbury Green<br>201 Broad Street<br>Stamford, CT 06091<br>Email: jstretton@edwardswildman.com<br>Telephone: 203-975-7505<br>Facsimile: 203-975-7180 | TREGO, HINES & LADENHEIM, PLLC<br>9300 Harris Corners Parkway<br>Suite 210<br>Charlotte, NC 28269<br>Email: mjl@thl-iplaw.com<br>Telephone: 704-503-2600<br>Facsimile: 704-599-8719<br><br>Attorneys for Defendant |

Local counsel:

Antonio E. Lewis
(N.C. State Bar No. 35409)
KING & SPALDING LLP
100 N. Tryon Street, Suite 3900
Charlotte, North Carolina 28202
Facsimile: 704-503-2622
Email: alewis@kslaw.com

Attorneys for Plaintiff